UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. 1:03-CR-087 |
| ) | |
| JERRY JARRETT ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant Jerry Jarrett's ("Jarrett's") "Request for Production of Documents" filed on October 31, 2007. The Government responded on November 20, 2008 to which Jarrett replied on December 12, 2007. For the following reasons, the Motion will be GRANTED.

On December 14, 2004, a jury convicted Jarrett on three counts of money laundering, and particularly of knowingly laundering proceeds from drug transactions, in violation of 18 U.S.C. §1956(a)(1)(B)(i), one count of money laundering in violation of 18 U.S.C. §1957, and two counts of structuring in violation of 31 U.S.C. §5322(b). Prior to trial, Jarrett filed a motion to dismiss the indictment due to vindictive prosecution, which was denied. See Docket # 30 (11/02/04). After his conviction, Jarrett filed a Renewed Motion for Judgment of Acquittal seeking to have his indictment dismissed again based on a theory of vindictive prosecution. After considering the evidence, the undersigned concluded, in a 38 page Order, that there was sufficient evidence to conclude that a vindictive motive underlay the prosecution. (Docket #79, 5/23/2005). The Government appealed. On appeal, the Seventh Circuit Court of Appeals reversed the decision of this court and reinstated the jury verdict after concluding that Jarrett had not proven vindictive prosecution. *United States*

1

*v. Jarrett,* 447 F.3d 520 (7th Cir. 2006).

In its Opinion, the Seventh Circuit explained:

> When a defendant is challenging his indictment, the presumption of regularity in favor of the government's conduct, combined with the requirement of clear evidence to the contrary and the "rigorous standard" by which such evidence must be evaluated means that a claim of vindictive prosecution is extremely difficult to prove.

*Id.* at 526. The Court then went on to articulate that Jarrett must "affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." Ultimately, however, the Court rejected Jarrett's evidence writing:

> Based on our own examination of the record and the factors on which the district court relied, we conclude that the evidence is not legally sufficient to support a finding of vindictiveness.
>
> First, it should be noted that at no point has Jarrett produced any public or private statement by a prosecutor manifesting animus toward him; any document that might establish bad motives on the part of the government; or any similar "smoking gun." And so he builds his case on examples of suspicious timing, speculation about the government's motives, and allegations that the U.S. Attorney's office failed to follow its internal procedures in pursuing his indictment. Similarly, the district court based its finding on the "cumulative weight" of the facts it considered, acknowledging that "any one of these facts might appear suspicious but not indicative of vindictive prosecution." But that reasoning-the whole amounts to more than the sum of its parts-cannot take the place of clear and objective evidence, especially when the standard for vindictive prosecution is so rigorous.

*Id.* at 526-527.

Given the Seventh Circuit's reasoning above, Jarrett now offers the present motion wherein he requests an order from the Court requiring the Government to produce "all pre-indictment notes, e-mails, memorandum, correspondence with investigatory agencies, correspondence with attorneys for Ripoll and Goode, and any other documents in the possession of the Goverment." (Request, ¶1).

2

Jarrett further indicates that he intends to file a renewed motion for dismissal based on vindictive prosecution and he believes that the above documentation will provide a "smoking gun" evidencing prosecutorial animus. Not surprisingly, the Government objects to the discovery request and considers Jarrett's motion an attempted fishing expedition to look for the "clear and objective" evidence he needed in his first go-round on this issue.

Throughout this case, Jarrett has consistently maintained that he was vindictively prosecuted in retaliation for exercising his statutory right, and duty, to provide effective representation to one of his clients, Dr. Jong Hi Bek.  In particular, he has asserted that the Government had sufficient evidence to indict him in 1999, after he testified before a grand jury which was investigating his financial transactions with two suspected multi-million dollar drug dealers.  Yet, it was only after Jarrett began successfully representing a high profile defendant, Dr. Bek,[1] some three years later, that the Government became interested in pursuing a criminal case against him, sought to have him recused from the Bek case, and when that tactic failed, indicted him in contravention of the United States Attorney's Office own internal policies and procedures.  In turn, the Government has consistently maintained that no improper motive led to Jarrett's indictment.

Turning now to the focus of Jarrett's motion, to obtain discovery into a vindictive prosecution allegation a defendant need only present a "colorable basis" for the claim. Indeed, the Seventh Circuit has explained the rationale behind this requirement as follows:

---

[1] The arrest of Dr. Bek was hailed as a significant law enforcement accomplishment and received extensive media coverage.  In April 2003, Jarrett successfully obtained the dismissal of state court felony-murder charges against Bek, due to lack of conclusive toxicology evidence.  This generated extensive publicity as well as criticism of the Lake County Prosecutor.  Nearly a month later, on May 31, 2003, Jarrett was notified that he was a target of a grand jury investigation.

> In the areas of vindictive prosecution and selective prosecution, a defendant must show a colorable basis for his or her claim before discovery against the government is permitted, *see United States v. Goulding*, 26 F.3d 656, 662 (7th Cir.1994); *United States v. Heidecke*, 900 F.2d 1155, 1159 (7th Cir.1990) .... This standard prevents defendants from unnecessarily imposing enormous administrative costs and delays ... by engaging in extended fishing expeditions to support frivolous challenges. *Cf. Heidecke*, 900 F.2d at 1158-59 (justifying the colorable basis requirement by discussing the need to guard against "allowing claims of vindictive prosecution to mask abusive discovery tactics by defendants" and to "free [ ] the judicial system of criminal trials with irrelevant massive discovery").

*United States v. Utecht*, 238 F.3d 882, 887 -888 (7th Cir. 2001). "A colorable basis is some evidence tending to show the essential elements of the claim." *United States v. Heidecke,* 900 F.2d 1155, 1159 (7th Cir.1990). Thus, the defendant's claim of vindictive prosecution must rise beyond the level of unsupported allegations. *Id. (*citing *United States v. Catlett,* 584 F.2d 864, 865 (8th Cir.1978)). This said, however, the standard is something less than a "reasonable doubt" which is the standard required to receive an evidentiary hearing on a claim of vindictive prosecution. *See Heidecke,* 900 F.2d at 1160 ("To be entitled to a hearing on a claim of vindictive prosecution, the defendant must offer sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment. This reasonable doubt standard is higher than the showing of a colorable claim that is essential to compel discovery.")

In this case, the undersigned is hard-pressed not to conclude that Jarrett has proven a colorable claim to support additional discovery. Based on the current state of the record, the undersigned not only found that Jarrett had a colorable claim of vindictive prosecution but also found that the evidence was sufficient <u>to prove</u> vindictive prosecution. The Court's 38 page opinion dated May 23, 2005 is incorporated herein by reference  Although the Seventh Circuit concluded that the evidence was insufficient proof, it acknowledged that the district court was "troubled by

4

what it regarded as various suspicious circumstances surrounding Jarrett's indictment." *Id.* at 529. This suspicion has not been altered by the Seventh Circuit's opinion and, to the extent, that Jarrett need only show a "colorable claim" to engage in further discovery, the evidence and analysis that supported the undersigned's opinion on the renewed motion for acquittal based on vindictive prosecution remain to support a conclusion that he has, in fact, demonstrated a "colorable claim." Accordingly, the Defendant's Request for Production is GRANTED (Docket #124).[2]

The Government is hereby ORDERED to submit to the Court for *in camera* review within thirty (30) days the following:

> (1) All pre-indictment notes, emails, memoranda, and correspondence with investigatory agencies relating to Jarrett's indictment;
> (2) All correspondence with attorneys for Ripoll and Goode pertaining to Jarrett's indictment; and
> (3) Any other documents in the possession of the Government that relate to the decision to prosecute Jarrett.

Upon receipt of the above materials, the Court shall review them and enter an Order informing the parties of which documents, if any, shall be made available to the Defendant.

In conclusion, the court agrees with the sentiment of Circuit Judge David Nelson in *United States v. Adams*, 870 F.2d 1140, 1145 (6th Cir. 1989), "it may well be that no fire will be discovered

---

[2] The Government contends that there is "no authority" for Jarrett's request and that Criminal Rule 16 exempts many of the documents sought by Jarrett. However, the Supreme Court has concluded that Rule 16 does not control a Defendant's discovery request when the discovery pertains to a claim of either selective or vindictive prosecution as those claims implicate the Due Process Clause. *United States v. Armstrong,* 517 U.S. 456, 462-63 (1996) ("In the context of Rule 16, 'the defendant's defense' means the defendant's response to the Government's case in chief...A selective prosecution claim is not a defense on the merits to a criminal charge itself, but a independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."); Blackledge v. Perry, 417 U.S. 21, 28-29 (1974) (holding that vindictive prosecution violates the Due Process Clause); see also *United States v. Fieger*, 2008 WL 205244, 13 (E.D.Mich. January 24, 2008) (holding that Rule 16 does not control a request for discovery with regard to a vindictive prosecution claim).

under all the smoke, but there is enough smoke here, in our view, to warrant the unusual step of letting the defendants find out how this unusual prosecution came about." The same principal is applicable in this case and, while the ultimate success of the Defendant's contention is left for another day, he is, at least presently, entitled to pursue the above discovery.

SO ORDERED.

This 4th day of February, 2008

s/ William C. Lee<br>United States District Court