UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 1:03-CR-087 |
| ) | |
| JERRY JARRETT ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant Jerry Jarrett's ("Jarrett's") "Motion for Judgment of Acquittal" filed on October 31, 2007. The Government responded on November 20, 2008 to which Jarrett replied on December 12, 2007. For the following reasons, the Motion will be DENIED.

On December 14, 2004, a jury convicted Jarrett on three counts of money laundering, and particularly of knowingly laundering proceeds from drug transactions, in violation of 18 U.S.C. §1956(a)(1)(B)(i), one count of money laundering in violation of 18 U.S.C. §1957, and two counts of structuring in violation of 31 U.S.C. §5322(b). Thereafter, Jarrett filed a Renewed Motion for Judgment of Acquittal seeking to have his indictment dismissed based on a theory of vindictive prosecution.[1] The undersigned granted that motion (Docket #79, 5/23/2005), vacated the jury verdict, and the Government appealed. On appeal, the Seventh Circuit Court of Appeals reversed and remanded after concluding that Jarrett had not proven vindictive prosecution. The Seventh Circuit further ordered the jury verdict reinstated. *United States v. Jarrett,* 447 F.3d 520 (7th Cir.

---

[1]This was Jarrett's second motion to dismiss the indictment due to vindictive prosecution, the first having been made pre-trial and denied by the undersigned. See Docket # 30 (11/02/04).

1

2006). At the conclusion of its Opinion, issued on June 2, 2006, the Seventh Circuit indicated that Jarrett "will have a full opportunity to challenge any aspect of his trial, or proceedings that occur after remand, by *appropriate* motion or appeal." (Emphasis added). *Id.* at 531.

On remand, the undersigned set the case for sentencing on November 20, 2006. The sentencing was then continued at the Defendant's request and, on February 16, 2007, Jarrett sought the appointment of counsel. Thereafter, the sentencing was continued and rescheduled three additional times. On the eve of the last scheduled sentencing hearing, Jarrett filed the present motions.

In his motion, Jarrett argues that he is entitled to a judgment of acquittal for a number of reasons including that the Government: (1) failed to establish that any monies given to Jarrett were drug proceeds; (2) failed to establish that Jarrett knew the monies constituted drug proceeds; (3) failed to establish that the monies provided to Jarrett were net income rather than gross income; and (4) failed to establish that Jarrett knew the reporting requirements at the time he violated 31 U.S.C. §5322(b). In response, the Government contends first that the motion is untimely and, alternatively, that the evidence supports Jarretts' convictions on all counts.

Turning first to the Government's contention that Jarrett's Rule 29 motion is untimely, at the time of Jarrett's conviction, Federal Rule of Criminal Procedure 29 provided that "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later, *or within any*

2

*other time the court sets during the 7-day period.*" Fed.R.Crim.P. 29(c)(1) (2004) (emphasis added). Moreover, Rule 45 of the Federal Rules of Criminal Procedure only allowed extensions of time to file Rule 29 motions for judgment of acquittal and Rule 33 motions for a new trial as determined by those rules. *See* Fed.R.Crim.P. 45(b)(2) (2004) ("The court may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules.").

At the time the mandate was issued, however, Rule 29 had been amended to remove the italicized language above and, in addition, Rule 45(b) was amended to provide that "The court may not extend the time to take any action under Rule 35, except as stated in that rule." In practice, the new rule still requires that defendants file their Rule 29 and 33 motions within the seven-day periods discussed in those rules, or to move for an extension within seven (7) days. But, amended Rule 45 no longer requires the court to act on those motions within the 7 day period of time. See *United States v. Ghilarducci,* 480 F.3d 542, *551 (7th Cir. 2007).

The undersigned agrees with Jarrett that the Seventh Circuit's mandate clearly contemplated permitting Jarrett the right to file any appropriate post-trial motions challenging the substance of his conviction. By "appropriate" motion, however, this court concludes that the Seventh Circuit clearly intended for the motions to be "timely" motions under Fed.R.Crim.P. 29 and Fed.R.Crim.P. 45. Here, under these rules, either in their original form or their amended form, his motion is untimely. Accordingly, the Motion for Judgment of Acquittal is DENIED.[2]

## CONCLUSION

---

[2] Because the court concludes that Jarrett's motion is untimely, it needn't address his substantive arguments or the Government's arguments as to the merits of the motion.

Based on the foregoing, the Defendant's Motion for Judgment of Acquittal is DENIED.

Dated: February 4, 2008

s/ William C. Lee  
United States District Court