UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 1:03-CR-087 |
| ) | |
| JERRY JARRETT ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is Defendant, Jerry Jarrett's "Motion to Stay Judgment of Conviction and Sentence of Imprisonment" pursuant to Fed.R.Crim.P. 38 and 18 U.S.C. §3143(b) filed on January 18, 2012. The Government responded on January 20, 2012 to which Jarrett replied on January 23, 2012. For the following reasons, Jarrett's Motion is DENIED.

## DISCUSSION

On December 14, 2004, a jury convicted Jarrett on three counts of money laundering, and particularly of knowingly laundering proceeds from drug transactions, in violation of 18 U.S.C. §1956(a)(1)(B)(i), one count of money laundering in violation of 18 U.S.C. §1957, and two counts of structuring in violation of 31 U.S.C. §5322(b). On December 15, 2011, Jarrett was sentenced to thirty-seven (37) months imprisonment to commence after January 25, 2012. Jarrett is currently scheduled to surrender to the Bureau of Prisons on January 26, 2012 and, in his present motion, seeks continued release pending appeal.

Title 18 U.S.C. 3143(b)(1) requires that a defendant be detained pending his appeal unless a judge finds:

1

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The defendant bears the burden of showing by clear and convincing evidence that he is entitled to release pending appeal under the above criteria. *United States v. Affleck,* 765 F.2d 944, 953 (10th Cir. 1985).

In support of his motion, Jarrett argues that there is no question that he is not likely to flee or pose a danger to the community and thus, the only issue is whether his appeal raises a substantial question of law or fact likely to change the result of his conviction or sentence. In response, the Government concedes that Jarrett does not pose a flight risk or danger to the community but does not concede that he has any substantial question of law or fact that will alter his conviction or sentence. It is to this issue that the court turns.

A "substantial" question is "a 'close' question or one that very well could be decided the other way." *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985) (adopted by the Seventh Circuit in *United States v. Molt,* 758 F.2d 1198 (7th Cir.1985). Whether an issue is substantial "is not capable of a precise definition, but must be left to a case-by-case determination." *United States v. Bilanzich,* 771 F.2d 292, 299 (7th Cir.1985). Here, Jarrett argues that he has raised a substantial question of law through his contention that the Government did not prove beyond a reasonable doubt that he had knowledge that the funds he received from two drug dealers were, in fact, the proceeds

2

of drug transactions. As part and parcel of this argument, he asserts that the credibility of the two drug dealers, Goode and Ripoll, is a substantial issue on appeal and notes that even the undersigned observed in its May 23, 2005 Opinion that "Goode ranked as one of the worst witnesses to ever take the stand on the Government's behalf." Thus, he contends, he has a close question as to whether the Government's evidence was sufficient to prove that he was aware the laundered money came from the proceeds of drug transactions.

The problem for Jarrett is that on appeal, he faces a heavy burden on this sufficiency of the evidence argument. The Seventh Circuit views the evidence in the light most favorable to the government and considers whether "any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Berg*, 640 F.3d. 239, 246 (7th Cir. 2011). In fact, the Seventh Circuit notes that defendants face "a nearly insurmountable burden in challenging the sufficiency of the evidence." *Id.;* (see also, *United States v. Hensley*, 574 F.3d 384, 390 (7th Cir.2009). And, in this case, the Government's evidence established that Ripoll and Goode were drug dealers; that Jarrett knew they were drug dealers; that Jarrett accepted money from Ripoll and Goode; and Jarrett attempted to conceal the funds he received from Ripoll and Goode. Testimony from Goode established that the "entire purpose" of giving Jarrett money was to "clean up the money that I profited from selling drugs." (Trial Transcript, Volume 2, p. 201). Similarly, he testified that "[Jarrett] explained to me that he could help me clean up my drug money." (Trial Transcript, Vol. 2, p. 200). Thus, the evidence in the light most favorable to the Government more than supports the jury's conclusion that Jarrett knowingly laundered drug proceeds.

Even Jarrett's argument that the credibility of the two drug dealers is suspect does not aid him much in the way of the present motion. On appeal, the Seventh Circuit does not substitute its

judgment for the that of the jury, "we do not weigh the evidence on review or second guess the jury's credibility determinations." *United States v. Green*, 648 F.3d 569 (7th Cir. 2011); *United States v. Anderson*, 580 F.3d 639, 646 (7th Cir.2009) (acknowledging that the 7th Circuit has repeatedly refused to question the credibility of witnesses when reviewing challenges to sufficiency of the evidence). Instead, the Seventh Circuit will overturn a conviction based on a credibility determination only if the witnesses' testimony was incredible as a matter of law, see *United States v. Caraway,* 612 F.3d 642, 645 (7th Cir. 2010), a demanding standard for a defendant to meet. *Id.*

Moreover, even the challenges to his sentence that Jarrett seeks to raise on appeal are an uphill battle based upon the evidence presented at trial. Jarrett objects to the value of the laundered funds as well as to an increase in the base offense level because he knew or believed the laundered funds were the proceeds of unlawful drug activity. But, as noted above, the evidence in the record during trial establishes both of these sentencing issues.

Finally, Jarrett asserts that he seeks a review of the undersigned's application of the sentencing factors pursuant to 18 U.S.C. §3553(a). It is true that the Seventh Circuit reviews the district court's interpretation and application of the guidelines *de novo* but the overall reasonableness of the sentence is reviewed under an abuse of discretion standard. In this instance, after resolving Jarrett's objections to the presentence report, Jarrett's guideline range was 51-63 months. The court then went on, as is the procedure in the Seventh Circuit, to analyze the various §3553 factors as well as other mitigating factors presented by the defense. At the final sentencing hearing, the undersigned determined, based upon a thorough discussion of the §3553 factors in an Order entered at the hearing, that Jarrett was entitled to a below-guidelines sentence of 37 months. The Seventh Circuit has determined that a sentencing court is within its discretion if the court gave the factors

4

"meaningful consideration in light of the evidence as a whole." *United States v. Hill*, 618 F.3d 619, 637 (7th Cir. 2010). Here, the record clearly establishes that the court meaningfully considered all the §3553 factors in determining the sentence. The court held multiple sentencing hearings to hear arguments from counsel, accepted briefs from both sides on the §3553 factors raised, and entered a written decision explaining the reasoning for the sentence the court determined was reasonable. The record more than supports the discretion of the court in fashioning a reasonable sentence.

In sum, then, Jarrett the undersigned concludes that Jarrett has not shown by clear and convincing evidence that his appeal raises a substantial question of law or fact likely to alter his conviction or sentence so as to warrant his release pending appeal. Accordingly, Jarrett's Motion is DENIED.

Entered: This 25th day of January, 2012

s/ William C. Lee
United States District Court